# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY L. CLARK, | ) | CASE NO. 5:24-cv-508 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| DETECTIVE SHAUN DADISMAN, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Pro se plaintiff Jeffrey L. Clark ("Clark"), an Ohio prisoner incarcerated in the Lake Erie Correctional Institution, has filed an *in forma pauperis* prisoner civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 against Massillon city police officers Slack, Crabtree, and Kruger, detectives Dadisman and Gohlike, and SWAT members Fullmer and Woods (collectively, "defendants"). (Doc. No. 1 (Complaint).) Clark alleges that defendants violated his civil rights by seizing several vehicles in connection with his criminal case. (*Id.* ¶ 19.) Clark seeks "compensatory damages in the amount of $60,000 and punitive damages, severally and jointly, from all defendants named" in the complaint. (*Id.*) For the reasons set forth herein, Clark's complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

**I. BACKGROUND**

Clark is incarcerated pursuant to a 2022 conviction in the Stark County Court of Common Pleas on charges of trafficking in cocaine, having weapons under disability, and trafficking in drugs. *Ohio v. Clark*, No. 2021-cr-342 (Stark Cty. Ct. Comm. Pl.) (order filed 4/14/2022). In the

present complaint, Clark alleges that defendants violated his civil rights by seizing three vehicles—a 2014 Ford Focus, a 1978 Cadillac Eldorado, and a 2011 Porsche Panamera—without providing just compensation, arguing that he has been deprived of his "possessory interest in and the enjoyment of [his] vehicles, without extant probable cause[.]" (Doc. No. 1 ¶¶ 13, 19.) Clark contends that the seizure of his vehicles was improper because nothing incriminatory was found in the two vehicles (the Cadillac Eldorado and the Ford Focus) that were at his home at the time of the search (*see id.* ¶ 8) and because the warrants issued by the state courts did not specifically mention his Porsche Panamera. (*See id.* ¶ 17.) He seeks declaratory relief and damages.

## II.  STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S.

at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (second alteration in original). In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 683.

Although a complaint need not detail all the particulars of a plaintiff's claim, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79 (stating that this standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Smith v. Gen. Motors LLC*, 988 F.3d 873 (6th Cir. 2021) (citation omitted) (emphasis in original).

### III.  DISCUSSION

Upon review, the Court finds that Clark's complaint must be dismissed for failure to state a legally viable claim. The doctrines of res judicata (i.e., claim preclusion) and collateral estoppel (i.e., issue preclusion) bar a plaintiff from relitigating claims and issues in federal court that were previously decided by a state court. *See Doe v. Jackson Loc. Schs. Sch. Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011). This rule applies to issues adjudicated in a state-court criminal proceeding. *Allen v. McCurry*, 449 U.S. 90, 104, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) ("There is . . . no

reason to believe Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court[.]"); *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816–17 (6th Cir. 2010) ("Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." (citation omitted)). Ohio law bars a subsequent action under res judicata where four elements are met:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016) (quoting *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997)).[1]

The public dockets of Clark's Stark County cases demonstrate that all four elements of res judicata are met here.[2] Clark has previously litigated the forfeiture of his property on at least two occasions in Ohio courts. In March 2021, the State of Ohio filed a complaint for forfeiture in Stark County Court of Common Pleas relating to Clark's property, including the three cars at issue here. *See Ohio v. Clark*, No. 2021-mi-94 (Stark Cty. Ct. Comm. Pl.) (complaint filed 3/22/2021). On

---

[1] The Court notes that res judicata is an affirmative defense, and that it normally must be raised by the defendant. *See Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 326–27 (6th Cir. 2013) In this case, however, the Court is statutorily required to conduct a review to determine whether claims raised by the plaintiff are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). In light of this statutory duty, the Court must consider the application of res judicata. *See, e.g.*, *Cardona-Sandoval v. Rushing*, No. 4:10-cv-1248, 2010 WL 4137459, at *1–2 (N.D. Ohio Oct. 20, 2010) (applying res judicata to dismiss a pro se complaint pursuant to 28 U.S.C. § 1915(e)); *State ex rel. Edwards v. Toledo City Sch. Dist. Bd. of Educ.*, 647 N.E.2d 799, 801 (Ohio 1995) ("However, some courts have recognized an exception to the general rule [that courts may not raise res judicata issues sua sponte] . . . where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint.") (collecting cases).

[2] The Court may take judicial notice of the state court docket because it is a public record and Clark refers to his criminal case in his complaint. *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454–55 (N.D. Ohio 2012).

August 19, 2022, Clark filed two motions to return property in his criminal case. *See Ohio v. Clark*, No. 2021-cr-342 (motions filed 8/19/2022). These issues were decided by the respective courts, resulting in a default judgment in Clark's civil case and a judgment denying Clark's motions for return of property in his criminal case. *See Ohio v. Clark*, No. 2021-mi-94 (Stark Cnty. Ct. Comm. Pl.) (order filed 3/12/2022); *Ohio v. Clark*, No. 2021-cr-342 (Stark Cnty. Ct. Comm. Pl.) (order filed 8/25/2022).

Clark now directs his claims to a handful of individual officers rather than the State of Ohio. But substituting related parties does not prevent the application of res judicata. *Rice v. Ross*, No. 1:22-cv-716, 2023 WL 3813783, at *3 (S.D. Ohio June 5, 2023) (finding that the inclusion of new defendants did not bar res judicata where the factual bases for plaintiff's claims were identical to those previously litigated), *report and recommendation adopted*, No. 1:22-cv-716, 2023 WL 4747983 (S.D. Ohio July 25, 2023). Rather, the officers named in Clark's complaint "are clearly in privity with the previous defendants, as the factual bases for the claims are identical." *Theriot v. Woods*, No. 2:18-cv-92, 2019 WL 409507, at *7 (W.D. Mich. Feb. 1, 2019) (collecting cases).

Accordingly, although Clark seeks a determination in this case that his vehicles were unlawfully taken from him, that matter has already been decided by Ohio courts. Clark is precluded from relitigating the lawfulness of the forfeiture of his vehicles in federal court. *See Synek v. Brimfield Twp., Ohio*, No. 5:11-cv-774, 2012 WL 4483806, at *8 (N.D. Ohio Sept. 27, 2012) (finding that collateral estoppel barred § 1983 plaintiff from challenging the lawfulness of her arrest when that matter was already litigated and decided by the state court judge in her criminal case) (citing *Allen v. McCurry*, 449 U.S. 90, 104, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)); *Dunn v. Noe*, No. C-07-03559, 2009 WL 10696042, at *2–3 (N.D. Cal. Apr. 30, 2009) (same), *aff'd*, No.

5

09-16136, 2011 WL 176941 (9th Cir. Jan. 19, 2011).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 5, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**